**FILED & ENTERED**

**NOV 07 2013**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY nbolte    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>TRANSACT, INC.,<br>　　　　　　　　　　Debtor. | Case No. 8:07-bk-11443-ES<br><br>Chapter: 7 |
| TRANSACT, INC., a Nevada corporation, ALLAN REUMONT, an individual,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>FRANK D'ERRICO, individually and in his capacity as trustee of the FRANK D'ERRICO LIVING TRUST DATED 1/15/1998, RHFD PEBBLE, INC., ANTHONY D'ERRICO, ROBERT HALL, and DEBORA MEDEIROS,<br><br>　　　　　　　　　　Defendants. | Lead Adversary No. 8:08-ap-01001-ES<br>(Related Bk. No. 8:07-bk-14433-ES, Debtor: Transact, Inc.)<br><br>Jointly Administered with:<br>Adversary No. 8:11-ap-01327-ES,<br>(Related Bk. No. 8:11-bk-15584-ES, Debtor: Robert Allen Hall)<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND EXPENSES** |
| FRANK D'ERRICO, individually and in his capacity as trustee of the FRANK D'ERRICO LIVING TRUST DATED 1/15/1998, RHFD PEBBLE, INC., and ANTHONY D'ERRICO,<br><br>　　　　　　　　　　Cross-Plaintiffs,<br><br>v.<br><br>TRANSACT, INC., a Nevada corporation, ALLAN REUMONT, an individual,<br><br>　　　　　　　　　　Cross-Defendants. | Hearing:<br>Date:  November 7, 2013<br>Time:  11:00 a.m.<br>Ctrm:  5C<br>Place: Ronald Reagan Federal Building and United States Courthouse<br>411 West Fourth Street<br>Santa Ana, California 92701 |

1

This matter is before the Court on the *Motion for Attorneys' Fees and Expenses* (the "Transact Fee Motion") [Adv. Dk. 419][1] filed by Transact, Inc. ("Transact"). This matter was originally set for hearing on October 3, 2013; however, the Court continued this matter from October 3, 2013 to November 7, 2013 to allow Transact to file a supplemental declaration. In its October 3, 2013 tentative, the Court required Transact to submit a supplemental declaration, which separated out non-contractual claims, including RICO claims and claims against Medeiros (all of which were non-contractual). Transact filed its supplemental declaration (the "Supplemental Declaration") [Adv. Dk. 446] on October 11, 2013. The D'Errico Parties (as defined below) filed a response to the Supplemental Declaration (the "Supplemental Opposition") on October 18, 2013. [Adv. Dk. 448]. As discussed more fully below, Transact's Assignment Motion is GRANTED.

## I.    LAW

Bankruptcy courts apply state law when awarding a "prevailing party" attorney fees and costs regarding "actions on the contract." *See In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997) ("[A] prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings. . . . Because state law necessarily controls an action on a contract, a party to such an action is entitled to an award of fees if the contract provides for an award and state law authorizes fee shifting agreements.") (citing *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 741 (9th Cir. 1985); *Collingwood Grain v. Coast Trading Co. (In re Coast Trading Co.)*, 744 F.2d 686, 693 (9th Cir. 1984)).

California Civil Code section 1717(a) provides, in pertinent part, that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . .

---

[1] Unless otherwise specified, all citations to "Adv. Dk." refer to the CM/ECF adversary docket for adversary proceeding number 8:08-ap-01001.

shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717(a).

In determining the reasonableness of attorney fees, the bankruptcy court looks to state law, which accords the trial court broad discretion. The California Supreme Court in *PLCM Grp. v. Drexler* held that "[i]t is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court. . . . The value of legal services performed in a case is a matter in which the trial court has its own expertise. The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony. The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1096 (2000) (citing *Melnyk v. Robledo*, 64 Cal. App. 3d 618, 623–24 (1976) (internal citations omitted)).

## II.    ANALYSIS

## **ATTORNEY FEES INCURRED**

Transact, through its Motion for Attorney Fees and Litigation Expenses (the "Transact Fee Motion"), originally sought attorney fees and litigation expenses in the total amount of $1,122,644.72, as the "prevailing party on the contract" for the purposes of California Civil Code section 1717. Transact Fee Motion, Adv. Dk. 419, 1:17.

Frank D'Errico ("D'Errico"), RHFD Pebble, Inc. ("Pebble Corp."), Frank D'Errico Living Trust ("D'Errico Living Trust"), and Anthony D'Errico ("Anthony D'Errico") (together the "D'Errico Parties") filed an opposition to the Transact Fee Motion (the "D'Errico Opposition") [Adv. Dk. 431], objecting to, in relevant part, four categories of compensation in the Transact Fee Motion:

1. D'Errico's ability to fund the Construction Loan;
2. Transact's claims against Debora Medeiros ("Medeiros");
3. Transact's RICO claims against D'Errico; and
4. Transact's obtaining a preliminary injunction.

In addition, the D'Errico Opposition sets forth that Transact has not submitted a separate bill of costs with a proper certification pursuant to LBR 7054-1(c).

Transact filed a Reply to the D'Errico Opposition (the "Transact Reply"), which addresses each of the objections raised in the D'Errico Objection. Transact Reply, Adv. Dk. 436. Transact also filed the Supplemental Declaration [Adv. Dk. 446], which addressed this Court's tentative of October 3, 2013.

The analysis, below, focuses on differentiating between work performed "on the contract" and work not performed "on the contract." Each relevant objection to a fee category is addressed below.

### 1. D'Errico's Ability to Fund the Construction Loan

The first issue is whether Transact's work concerning D'Errico's ability to fund the Construction Loan compensable as being work performed "on the contract," or if such work was otherwise common to both compensable and noncompensable work performed.

Transact argues that such work was "on the contract" because Transact "suspected that Defendant D'Errico Living Trust did not have sufficient funds to perform under the construction loan" [Transact Reply, Adv. Dk. 436, 4:5-7], and because "Transact initiated discovery to obtain the finances of both Defendants as additional evidence to support the breach and related claims." Transact Reply, Adv. Dk. 436, 4:7-8.

The Court agrees that Transact's work concerning D'Errico's ability to fund the Construction Loan is "on the contract" because it relates to Transact's enforcing the Construction Loan Agreement against the D'Errico or the D'Errico Living Trust.

Therefore, all fees and expenses incurred by Transact relating to work performed in determining D'Errico's ability to fund the Construction Loan ($172,874.50) are "on the contract" and are compensable.

### 2. Transact's Claims Against Medeiros

The second issue is whether Transact's work concerning Medeiros is compensable as being work performed "on the contract," or if such work was otherwise common to both compensable and noncompensable work performed.

Transact argues, among other things, that Medeiros was a "key adverse witness whose testimony support[ed] Defendants in connection with their position that Transact had breached the construction loan by submitting false invoices." Transact Reply, Adv. Dk. 436, 5:18-19. Hence, Transact argues that its work concerning Medeiros was "on the contract" because it was necessary to defend against the breach of contract counterclaims brought by the D'Errico Parties concerning the D'Errico Parties' counterclaims for breach of the Construction Loan Agreement.

The D'Errico Parties argue that, because they are unable to decipher which billing entries are related to the prosecution of RICO claims against Medeiros, all billing entries that relate to Medeiros should be stricken from the fee application. *See* Supplemental Opposition, Adv. Dk. 448, 2:5-9 ("The billing entries themselves do not easily lend themselves to allowing anyone to determine whether an entry relates to a RICO claim (and should therefore be excluded) or whether an entry relates to something else for which fees might be recoverable. In the absence of such clarity, the fees should simply be stricken as non-recoverable.").

The Court disagrees that all time entries relating to Medeiros should be stricken. Indeed, time entries related to the prosecution of RICO claims against Medeiros are not "on the contract" and are therefore not compensable; however, time entries related to the defense of breach of contract counterclaims, including time entries related to Medeiros's adverse testimony concerning the D'Errico Parties' breach of contract counterclaims, are "on the contract" and are compensable.

Nonetheless, Transact's work related to prosecuting non-contractual claims against Medeiros or in responding to non-contractual claims by Medeiros ($4,640.50), as well as responding to Medeiros's California State Bar complaint and U.S. Trustee inquiry ($9,320.00) are not "on the contract," and therefore are not compensable. *See* Supplemental Declaration, Adv. Dk. 446, 4-5.

Accordingly, the total award of attorney fees sought by Transact shall be reduced by $13,960.50.

### 3.  Transact's RICO and Other Non-Contractual Claims

The third issue is whether Transact's work concerning RICO and other non-contractual claims is compensable as being work performed "on the contract," or if such work was otherwise common to both compensable and noncompensable work performed.

RICO claims are not "on the contract"; however, Transact asserts that the work Transact performed in defending the D'Errico Parties' two Rule 12(b)(6) motions to dismiss was common to both the contract claims and the RICO claims, and therefore compensable because it would be "literally impossible to separate them. . . ." Transact Reply, Adv. Dk. 436, 7:7.

Transact's work related to prosecuting RICO claims against Medeiros are not compensable because they are not "on the contract." To the extent that such claims are severable from otherwise compensable "on the contract" work, such time should be stricken.

Exhibit B to Transact's Supplemental Declaration [Adv. Dk. 446], lists all time entries related to RICO claims, totaling $73,882.50. Some of these time entries relate to work on amending the complaint or defending Rule 12(b)(6) motions to dismiss. Therefore, to the extent that these time entries relate to the defense or prosecution of claims that are not "on the contract," they are stricken.

The Court has reviewed the relevant pleadings and time entries in question, including the motion to amend complaint dated September 10, 2008 [Adv. Dk. 71] (the "Motion to Amend Complaint"); the second amended complaint dated October 17, 2008 [Adv. Dk. 101] (the "Second Amended Complaint"); the motion to dismiss dated December 19, 2008 [Adv. Dk. 112] (the "First Motion to Dismiss"); the third amended complaint dated March 2, 2009 [Adv. Dk. 130] (the "Third Amended Complaint"); and the motion to dismiss dated April 3, 2009 [Adv. Dk. 138] (the "Second Motion to Dismiss").

The Court finds that the work performed on the following matters are not "on the contract":

1.   the Motion to Amend Complaint ($6,893.50);
2.   the Second Amended Complaint ($10,251.50);
3.   the First Motion to Dismiss ($24,034.50); and

4.     the Third Amended Complaint ($4,470.50).

The Court finds that of the $26,994.00 incurred by Transact in connection with the Second Motion to Dismiss, only 75% is compensable as being "on the contract." The Court reasons that none of the grounds for the First Motion to Dismiss were "on the contract." Rather, the First Motion to Dismiss only sought to dismiss claims sounding in tort. Moreover, the Second Amended Complaint was amended to add only non-contractual claims. The same goes for the Third Amended Complaint. However, the Second Motion to Dismiss sought, in part, to dismiss the two, central contractual claims by Transact for breach of the Purchase and Sale Agreement and the Construction Loan Agreement. As a result, based on this Court's experience and judgment, 75% of the work performed by Transact in defending the Second Motion to Dismiss was "on the contract" under California law.

Accordingly, the total award of attorney fees sought by Transact shall be reduced by $53,636.50.

### 4.     Transact's Obtaining a Preliminary Injunction

The fourth issue is whether Transact's work concerning obtaining a preliminary injunction is compensable as being work performed "on the contract," or if such work was otherwise common to both compensable and noncompensable work performed. The Court believes that Transact's work concerning obtaining a preliminary injunction is not compensable because it is not "on the contract."

Accordingly, the total award of attorney fees sought by Transact shall be reduced by $95,793.50.

### **EXPENSES INCURRED**

The D'Errico Parties objected to Transact's expenses totaling $43,940.72—set forth in Exhibit A to the Supplemental Declaration. As grounds, the D'Errico Parties object to $2,353.31 in messenger costs; $22,256 in photocopy costs; postage entries of $1,316.33 and $917.31 respectively; and $1,292.63 of "Other Expenses, including audio records." D'Errico Reply, Adv. Dk. 448, 2:16-21.

Local Bankruptcy Rule 7054-1(d) provides that a prevailing party may recover costs, as set forth in the Court Manual. The Court Manual section 2.8(e) provides a list of 14

Case 8:08-ap-01001-ES    Doc 464    Filed 11/07/13    Entered 11/07/13 16:56:37    Desc
Main Document    Page 8 of 11

recoverable categories of costs. Messenger fees and postage are not listed as recoverable costs in the Court Manual. Therefore, these fees are stricken.

With respect to photocopying costs, based upon the lengthy and complex nature of this litigation, the Court believes that Transact is entitled to recover 50% of its photocopying costs, or $11,128.00.

With respect to "Other Expenses, including audio records," the Court notes that these entries largely appear to be audio transcripts of court hearings. Court Manual section 2.8(e)(5) allows digital transcripts to be taxed as costs "if requested by the court or obtained pursuant to stipulation." The Court is unable to find any such order or stipulation. These costs of $1,292.63 for "Other Expenses, including audio records" are therefore stricken.

In sum, Transact's Supplemental Declaration sought $43,940.72 in costs, but the Court is reducing that amount by $17,007.58, which results in total costs of $26,933.14 to be awarded to Transact.

## **TRANSACT'S ANTICIPATED FEES AND COSTS**

Transact also sought reimbursement of anticipated fees of $10,625.00 and costs of $1,000.00 for the prosecution of the Transact Fee Motion. *See* Supplemental Declaration, Adv. Dk. 446, 8:16-17. The D'Errico Parties have not objected to these anticipated fees or costs. The Court finds that anticipated fees of $7,000.00 and costs of $0.00 are reasonable and compensable.

## **APPORTIONMENT OF TOTAL FEES AND COSTS**

Transact requested that the total award be apportioned 60% against Pebble Corp. and 40% against the D'Errico Living Trust. The D'Errico Parties have not objected to this apportionment request. The Court finds that this apportionment is appropriate.

## III.    CONCLUSION

In accordance with the discussion above, Transact is entitled to total fees of $930,809.35 and total costs of $17,007.58, for a total award of $957,742.49, which includes $7,000.00 in anticipated fees and $0.00 in anticipated costs for prosecuting the Transact Fee Motion. The total amount of the attorney's fees awarded shall be apportioned 60% against

///

8


Pebble Corp. and 40% against the D'Errico Living Trust. The Court's calculations are summarized in the attached chart, referenced as *Appendix A*.

**IT IS SO ORDERED.**

###

Date: November 7, 2013

Scott C. Clarkson
United States Bankruptcy Judge

# APPENDIX A

|  | Amount Sought or Disputed | Reduction | Approved |
|---|---|---|---|
| **Total Sought** | **$1,122,664.72** | | |
| Disputed Fees | **$390,075.00** | | |
| Disputed Expenses | **$62,398.01** | | |
| Total Disputed | **$452,473.01** | | |
| Total Undisputed | **$670,191.71** | $0.00 | $670,191.71 |
| | | | |
| **Disputed Fees** | **$390,075.00** | | |
| 1. D'Errico's Ability to Fund CL | $172,874.50 | $0.00 | $172,874.50 |
| 2. Claims against Medeiros | $47,571.50 | $13,960.50 | $33,611.00 |
| 3. RICO and Unfair Business Prac. | $73,835.50 | $53,636.50 | $20,199.00 |
| 4. Preliminary Injunction | $95,793.50 | $95,793.50 | $0.00 |
| | | | |
| **Disputed Expenses** | $62,398.01 | $35,464.87 | $26,933.14 |
| | | | |
| **Anticipated Fees** | $10,625.00 | $3,625.00 | $7,000.00 |
| **Anticipated Expenses** | $1,000.00 | $1,000.00 | $0.00 |
| | | | |
| **TOTAL FEES AWARDED** | **$930,809.35** | | |
| **TOTAL EXPENSES AWARDED** | **$26,933.14** | | |
| **TOTAL** | **$957,742.49** | | |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*):

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND EXPENSES**

was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of 11/7/2013, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Robert E Huttenhoff, rhuttenhoff@shbllp.com
Michael W Johnson, mike@jojolaw.com
Daniel J Kessler, moberbeck@bkcglaw.com
David B Lally, davidlallylaw@gmail.com
Martha E Romero, Romero@mromerolawfirm.com
Donald Segretti, dsegretti@aol.com
Leonard M Shulman, lshulman@shbllp.com
United States Trustee (SA), ustpregion16.sa.ecf@usdoj.gov
John M Wolfe, john.wolfe1@earthlink.net, CA83@ecfcbis.com

☐ Service information continued on attached page

**2. <u>SERVED BY THE COURT VIA UNITED STATES MAIL</u>:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Allan W. Reumont
c/o Robert N. Ives
105 Avenida de la Estrella, Ste 2B
San Clemente, CA 92672-3985

☐ Service information continued on attached page

**3. <u>TO BE SERVED BY THE LODGING PARTY</u>:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page